**Alfreda SHAW, Plaintiff,**

v.

**DLJ PERSHING, Defendant.**

**No. 99 C 3760.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 23, 1999.

Alan Martin Levin, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd., Chicago, IL, for Alfreda Shaw.

Alfreda Shaw, Chicago, IL, pro se.

Stephen David Erf, Eric Eugene Mennel, McDermott, Will & Emery, Chicago, IL, for DLJ Pershing.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Defendant DLJ Pershing (Pershing) has moved pursuant to Fed.R.Civ.P. 12(b)(1) and (6) to dismiss plaintiff Alfreda Shaw's amended complaint and to compel arbitration. In her complaint, Shaw alleged violations of federal civil rights statutes as well as certain state law claims. Pershing alleges that the employment agreement the parties entered before Shaw began working for the company included a provision mandating that all disputes between employer and employee, including "those concerning compensation, benefits, or other terms or conditions of employment," be determined by arbitration. The Seventh Circuit recently held that "mandatory arbitration"[1] provisions in otherwise valid employment contracts can be applied to Title VII claims. *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 364 (7th Cir. 1999). Pershing claims that because the employment agreement between it and Shaw is otherwise valid under Illinois law, the court should dismiss the complaint with prejudice and compel the parties to proceed with arbitration.

■ Plaintiff responds that compelled arbitration is fundamentally inconsistent with the purposes of the Civil Rights Act of 1866, under which one of her claims is brought, and that the Seventh Circuit has not addressed the question of whether such a claim is subject to mandatory arbitration. 42 U.S.C. § 1981. Because the legislative history of this statute indicates Congress' intent that claims brought under it be decided by federal judges exercising federal jurisdiction, plaintiff maintains that mandatory arbitration is inappropriate for § 1981 actions.

An amendment to the Civil Rights Act of 1866 included in the Civil Rights Act of 1991 (1991 CRA), contained the following

---

1. The Seventh Circuit defined "mandatory arbitration" as a "contractual situation where if one party to a dispute requests arbitration, the other party is obliged to arbitrate." *Koveleskie*, 167 F.3d at 362.

statement regarding alternative dispute resolution:

> Where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including settlement negotiations, conciliation, facilitation, mediation, fact-finding, minitrials, and arbitration, is encouraged to resolve disputes arising under the Acts or provisions of Federal law amended by this title.

Pub.L. No. 102–1166 § 118, 105 Stat. 1071, 1081 (1991). Plaintiff argues that when drafting § 118, Congress rejected a version that would have encouraged the use of ADR "in place of judicial resolution" because it would "fly in the face of Supreme Court decisions holding that workers have the right to go to court, rather than being forced into compulsory arbitration, to resolve important statutory and constitutional rights." H.R.Rep. No. 102–40, pt. 1, 102nd Cong. 1st Sess. at 104, 1991 U.S.Code Cong. & Admin.News pp. 549, 642.

When deciding whether Title VII claims could be subject to mandatory arbitration, the Seventh Circuit also looked to the language of § 118. It found that the weight of authority indicated that, in general, arbitration clauses are enforceable unless: 1) the statute at issue precludes arbitration; 2) the contract itself is invalid or 3) the particular arbitration proceedings are inadequate to protect the plaintiff's rights. *Koveleskie*, 167 F.3d at 364 (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)). Plaintiff's challenge here falls under the first exception to enforceability. She claims that the phrase "to the extent authorized by law" in § 118 requires the court to refer back to § 1981 itself. Because the legislative history of that statute indicates that judicial resolution was the only available procedure, she concludes that mandatory arbitration is not "authorized by law" for § 1981 claims.

The Seventh Circuit, however, found in *Koveleskie* that the language of § 118 " 'evinces a clear Congressional intent to encourage arbitration of Title VII and ADEA claims, not to preclude such arbitration,' and that, with regard to the 'authorized by law' language of the 1991 CRA, 'it seems most reasonable to read this clause as a reference to the FAA [Federal Arbitration Act].' " *Id.* at 365 (quoting *Seus v. John Nuveen & Co.*, 146 F.3d 175, 183 (3rd Cir.1998)). Because predispute arbitration agreements are enforceable under the FAA, such agreements were therefore enforceable as to Title VII claims.

Considering this interpretation of § 118, which applies to "the Acts or provisions of Federal law amended by this title," this court can find no reason that the Seventh Circuit's reasoning in *Koveleskie* as to Title VII claims would not apply with equal force to claims brought pursuant to 42 U.S.C. § 1981, which is another Act amended by the 1991 CRA. As § 1981 claims are often brought in conjunction with Title VII claims, this result also safeguards against multiple proceedings and possibly disparate outcomes. Plaintiff's assertion that her § 1981 claim escapes the arbitration provision of her employment contract therefore fails.[2]

█ Plaintiff's next challenge to arbitration is that the rules applicable to the security industry have recently been changed to preclude mandatory arbitration of statutory employment claims. She maintains that because the employment contract at issue states that arbitration will be governed by, "among other things," the rules of the National Association of Securities Dealers (NASD), which now preclude mandatory arbitration, she should not be bound by industry standards that have been discarded. As defendant points

---

**2.** Plaintiff also objects to the court's reliance on claims arising out of the securities industry because they generally involve U–4 registration forms instead of employment contracts.

The Seventh Circuit noted in *Koveleskie* that "employment contracts are not excluded from the purview of the FAA." *Id.* at 364.

out, however, the provision in the contract provides that any dispute will be:

> determined by arbitration, as authorized by the arbitration law of the state of New York, under the auspices and rules of the New York Stock Exchange, Inc., if available, or if not available, of the National Association of Securities Dealers, Inc., or if not available, of the American Arbitration Association.

Because the agreement contemplates alternative rules for arbitration, the matter may still be governed by the rules of the American Arbitration Association, which do not preclude arbitration of statutory employment claims. The court finds, therefore, that the arbitration provision in plaintiff's employment contract is valid and enforceable.

**ORDERED:** The defendant's motion to dismiss and to compel arbitration is granted.